**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 26-26585-CV-WILLIAMS**

DAFNYS LAZARO BORRELL LAMI,

Petitioner,

v.

WARDEN, KROME SERVICE
PROCESSING CENTER,
*et al.*,

Respondents.
_______________________________/

**ORDER**

**THIS MATTER** is before the Court on the *pro se second* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("***Second Petition***") filed by Petitioner Dafnys Lazaro Borell Lami ("***Petitioner***") (DE 1). Petitioner challenges his continued prolonged detention at the Krome Service Processing Center ("***Krome***") in Miami, Florida. (*Id.* at 6–7.) As relief, Petitioner seeks an Order from the Court requiring immigration officials to release him from custody. (*Id.* at 7.) Respondent has filed a motion to dismiss (DE 9) seeking dismissal of the Petition because Petitioner's *Zadvydas*[1] claim is premature. The Court agrees. Accordingly, for the reasons set forth below, the Petition (DE 1) is **DISMISSED without prejudice** to refile a new § 2241 petition at a later date.[2]

---

[1] *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

[2] *See* pages 4–5.

## I. FACTUAL BACKGROUND

Briefly, Petitioner previously filed a habeas corpus petition pursuant to 28 U.S.C. § 2241 on April 28, 2026, arguing that his continued prolonged detention is unlawful. *See Borrell Lami v. Warden, Krome SPC*, No. 1:26-23203-KMW (S.D. Fla. 2026) ("***Borrell I***") (DE 1.) On August 14, 2023, the Court entered an Order dismissing *Borrell I* on the basis that Petitioner's *Zadvydas* claim was prematurely filed. (DE 12 at 3, 6.) In so holding, the Court found Petitioner's immigration custody since **April 27, 2026** was presumptively reasonable because Petitioner had only been detained for approximately two weeks since he was taken into immigration custody following entry of a final removal order. *Borrell I* (DE 12 at 4.) At that time, Petitioner was instructed that, if his detention continued, he could return to the Court on or after **October 8, 2026** seeking *Zadvydas* relief. *Borrell I* (DE 12 ta 5.)

On **August 30, 2026**, Petitioner filed the Second Petition presently before the Court for consideration. (DE 1). The Second Petition is again prematurely filed.

## II. LEGAL STANDARD

District courts have the authority to grant writs of habeas corpus. *See* 28 U.S.C. § 2241(a). Habeas corpus is fundamentally "a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (citation omitted). A writ may be issued to a petitioner who demonstrates that he or she is being held in custody in violation of the Constitution or federal law. *See* 28 U.S.C. § 2241(c)(3). The Court's jurisdiction extends to challenges involving immigration-related detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III. DISCUSSION

Petitioner claims his prolonged detention is unlawful. (DE 1). Respondents argue that Petitioner is not entitled to immediate release because he is subject to a final removal order and his *Zadvydas* claim is premature. (DE 9.) The Court agrees.

Where, as here, "a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days." *Singh v. U.S. Att'y Gen.*, 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)). The Government is required to detain the noncitizen during the 90-day removal period, which begins when the removal order becomes administratively final. *Id.* Further, detention during the removal period is mandatory. 8 U.S.C. § 1231(a)(2)(A).

In *Zadvydas*, the Supreme Court held that indefinite detention of noncitizens after an order of removal is final raises serious constitutional concerns. *Zadvydas*, 533 U.S. at 590–99. Further, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." *Zadvydas*, 533 U.S. at 700-01. The reasonableness of the detention is to be measured "primarily in terms of the statute's basic purpose, namely, assuring the [noncitizen's] presence at the moment of removal." *Id.* at 698. The Supreme Court further held that a removable noncitizen awaiting deportation may only be detained for a presumptively reasonable period of time—six months—unless it can be shown that there is a "significant likelihood of removal in the reasonably foreseeable future." *Id.* at 698–701.

Thus, to state a *Zadvydas* claim, a petitioner not only must demonstrate post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably

foreseeable future. *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002) (quoting *Zadvydas*, 533 U.S. at 701). "Although not expressly stated, the Supreme Court appears to view the six-month period to include the 90–day removal period plus 90 days thereafter." *Akinwale*, 287 F.3d at 1052. "This six-month period thus must have expired at the time [petitioner] § 2241 was filed in order to state a claim under *Zadvydas.*" *Akinwale*, 287 F.3d at 1052. Once this showing is made, the Government must respond with evidence sufficient to rebut that showing. *Zadvydas*, 533 U.S. at 701. *Zadvydas* claims raised prior to the presumptively reasonable six-month period are deemed unripe and subject to dismissal without prejudice. *See Akinwale*, 287 F.3d at 1052.

Petitioner's removal order became final in November 2024. *See* 8 U.S.C. § 1231(a). Petitioner has remained in immigration custody since **April 7, 2026**. *See Borrell I* (DE 12.) Approximately four months later, on **August 30, 2026**, Petitioner filed this second § 2241 Petition. (DE 1.) Because Petitioner was inside the six-month presumptive reasonable removal period at the time he filed the Second Petition, his continued detention is presumptively reasonable. Thus, his continued detention falls short of the time required to receive the benefit of *Zadvydas.* The *Zadvydas* period ***must*** have expired **at the time** he filed the Petition, and not at the time a habeas petition is ruled on by the Court. *See Akinwale*, 287 F.3d at 1051. Thus, any substantive due process claim is not ripe for review and shall be dismissed without prejudice.[3]

Following dismissal of this Second Petition, if detention continues, Petitioner is again instructed that he may file a new § 2241 petition on or after **October 8, 2026** (six

[3] Because the *Zadvydas* claim is not ripe, the Court need not determine whether there is a significant likelihood of removal in the reasonably foreseeable future.

months following his April 7, 2026 detention) seeking relief under *Zadvydas*; but to succeed on the claim, he must demonstrate that his continued detention exceeds six (6) months and that there is no significant likelihood of removal in the reasonably foreseeable future. *See Akinwale*, 287 F.3d at 1050.

## IV. CONCLUSION

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. Respondent's Motion to Dismiss (DE 9) is **GRANTED**.
2. The Petition for Writ of Habeas Corpus (DE 1) is **DISMISSED WITHOUT PREJUDICE** as premature. If Petitioner is not removed or the likelihood of his removal in the reasonably foreseeable future changes, he may file a new habeas corpus petition.
3. The Court's Order (DE 4) prohibiting Petitioner's removal or transfer from the Southern District of Florida is **LIFTED**.
4. All pending motions not otherwise ruled upon are **DENIED as moot.**
5. The Clerk of Court **SHALL** close this case.

**DONE AND ORDERED** in Chambers in Miami, Florida, this 5th day of October, 2026.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**

**Dafnys Lazaro Borell Lami, *Pro Se***
Alien 206903923
Krome Service Processing Center
Inmate Mail/Parcels
18201 SW 12th Street
Miami, FL 33194

**Timothy J. Abraham, AUSA**
United States Attorney's Office
99 N.E. 4th Street, 7th Floor
Miami, FL 33132
Email: Timothy.Abraham2@usdoj.gov